**ORIGINAL**

# In the United States Court of Federal Claims

No. 18-0108C

(Filed: January 26, 2018)

**FILED**

JAN 2 6 2018

U.S. COURT OF
FEDERAL CLAIMS

**NOT FOR PUBLICATION**

| | |
|---|---|
| MITCHELL T. TAEBEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Pro Se Complaint; Sua Sponte |
| v. ) | Dismissal for Want of |
| ) | Jurisdiction; RCFC 12(h)(3). |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

### ORDER

The following items are currently before the court in this matter: (1) the complaint of pro se plaintiff Mitchell Taebel, ECF No. 1, filed on January 23, 2018; (2) plaintiff's application to proceed in forma pauperis, ECF No. 2, filed January 23, 2018; and, (3) plaintiff's motion to amend the complaint to add an exhibit, ECF No. 5, filed January 23, 2018. Because the court lacks jurisdiction over plaintiff's claims, the court must dismiss this case pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC). See RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

I.   Background

Plaintiff's complaint states that his "constitutional rights have been violated in the county of Los Angeles." Compl., ECF No. 1 at 1. Indeed, the complaint names the City of Los Angeles as the defendant in this suit. Id. The two-page complaint alleges that local police and the district attorney violated plaintiff's rights. Id. at 1-2. Plaintiff seeks monetary damages in the amount of $1,000,000,000. Id. at 2.

II.   Pro Se Litigants

The court acknowledges that pro se plaintiffs are not expected to frame issues with the precision of a common law pleading. Roche v. USPS, 828 F.2d 1555, 1558 (Fed. Cir.

1987). Therefore, plaintiff's complaint has been reviewed carefully to ascertain whether, given the most favorable reading, it supports jurisdiction in this court.

II.     Jurisdiction

"A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt." Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted). The Tucker Act delineates this court's jurisdiction. 28 U.S.C. § 1491 (2012). That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citations omitted). These include money damage claims against the federal government founded upon the Constitution, an act of Congress, a regulation promulgated by an executive department, any express or implied contract with the United States, or any claim for liquidated or unliquidated damages in cases not sounding in tort. Id. (citing 28 U.S.C. § 1491(a)(1)).

III.    Analysis

Plaintiff's complaint[1] alleges civil rights violations by the arresting police officers and the district attorney in Los Angeles. It is well settled that violations of constitutional rights, such as the rights to due process and equal protection, do not fall within this court's jurisdiction. Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997). Further, the only proper defendant in this court is the United States. E.g., United States v. Sherwood, 312 U.S. 584, 588 (1941) (citations omitted). Because plaintiff seeks relief based on civil rights violations committed by local police officers and a district attorney, his claims are not within the jurisdiction of this court. E.g., Jefferson v. United States, 104 Fed. Cl. 81, 88-89 (2012).

---

[1]     The court notes that this is plaintiff's third complaint filed over the last two weeks and assigned to the undersigned judge. See Taebel v. United States, Case Nos. 18-063C and 18-064C. The complaint and proposed amended complaint in this matter assert, more or less, the same constitutional violations as those set forth in his two earlier cases, Case Nos. 18-063 and 18-064C. The only difference between this matter and the two previous complaints is that this case involves a different criminal arrest of plaintiff in Los Angeles, CA. The court has dismissed the complaints in Case Nos. 18-063 and 18-064 by separate orders on this date.

IV. Conclusion

The complaint in this case must be dismissed.[2] Plaintiff's application to proceed in forma pauperis is **GRANTED** for the limited purpose of determining this court's jurisdiction. Plaintiff's motion to amend his complaint by the addition of an exhibit, ECF No. 5, filed January 23, 2018, is **GRANTED**; and shall be filed by leave of the court as of the date of this order. The Clerk of Court is directed to **ENTER** judgment for defendant **DISMISSING** plaintiff's complaint and amended complaint for lack of jurisdiction, without prejudice, pursuant to RCFC 12(h)(3).

Additionally, the clerk's office is directed to return any future filings not in compliance with this court's rules to plaintiff, unfiled, without further order of the court.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Judge

---

[2] The court has considered transfer of this suit to another federal court, but declines to do so because civil rights claims in California are subject to a one-year statute of limitations, a period which has run on the claims asserted here. See, e.g., Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999).

3